JONES, Senior Judge,
delivered the opinion of tbe court:
Plaintiff sues for regular retirement pay computed under tbe “percentage-multiplier” method (Section 511(b) of tbe Career Compensation Act of 1949, hereinafter styled the Act, 63 Stat. 802, 829). He seeks tbe difference between what be would have received under that method since April 1, 1955, and tbe regular retirement pay which he has received under the “saved-pay” method (Section 511(a) of the Act).
Plaintiff’s records disclose that he served on active duty as a Navy enlisted man from 1917 to 1934, at which time he was transferred to the Fleet Reserve. He was transferred from the Fleet Reserve to the retired list in July of 1940, after a physical examination to determine his fitness for recall revealed that he was suffering from the disability of diabetes, not service-incurred. Recalled nonetheless in September of *234 1940, he served on active duty (receiving during this tour a temporary appointment as chief warrant officer) until June 1946, when he was returned to the retired list.
Following passage of the Career Compensation Act, plaintiff continued to receive the same retirement pay as theretofore, which was increased 6 percent as of April 1, 1955, the effective date of the Career Incentive Act, L69 Stat. 18. Prior to that date the method of computation under which he had been receiving his retirement pay (the “saved-pay” method) had been the one more advantageous to him. On that date, however, the other manner of computation (the “percentage-multiplier” method provided in (b) of section 511) became more to his advantage. Despite his demands to that effect, plaintiff was denied a recomputation under the latter method, and has continued to receive retirement pay under the former.
His claim is that he was entitled to have his retired pay recomputed automatically under whichever of the two methods contained in section 511 produced the higher rate.
There is no question that longevity retirees are entitled to such a recomputation under the case of Fagan, et al. (Louis L. Gover, Plaintiff No. 2) v. United States, 149 Ct. Cl. 716 (1960). Defendant argues, however, that plaintiff is not a longevity but a disability retiree (albeit the disability was not a service-connected one), and as such was required to make within the prescribed 5-year period the election which section 411 of the Act, 63 Stat. 823-824, affords “any * * * former member of the uniformed services heretofore [i.e., before October 1, 1949, the effective date of the Act] retired by reason of physical disability.” That section provides, in pertinent part:
Pursuant to such regulations as the President may prescribe, (1) any member or former member of the uniformed services heretofore retired by reason of physical disability and now receiving or entitled to receive retired or retirement pay * * * may elect within the five-year period following the effective date of this title, (A) to qualify for disability retirement pay under the provisions of this Act * * *; or (B) to receive retired pay or retirement pay computed by one of the two methods contained in section 511 of this Act * * *.
*235 Defendant concedes that, had be made an election within the prescribed period, plaintiff would be entitled to the recom-putation which he seeks. The Government argues, however, that because he made no positive election he is limited forever to the method under which he had been receiving retirement pay prior to the Act, under Executive Order 10124, April 25, 1950, 15 F.K. 2375, Section 3 of which reads:
Each member and each former member of the uniformed services to which section 411 of the Career Compensation Act of 1949 is applicable shall continue to receive retired pay or retirement pay in the amount authorized by the applicable provisions of law in effect on September 30, 1949, the day immediately preceding the effective date of section 411 of the Career Compensation Act of 1949, unless, pursuant to the said section 411, he elects a different method of payment prior to October 1, 1954, and qualifies for such method.
Plaintiff’s response is couched in the alternative. He contends that he is not covered at all by section 411, and hence not required to make any election whatsoever. He submits, however, that should that section be found applicable to him, he has satisfied its requirement by an implied election; i.e., by his acceptance before the expiration of the 5-year period of the pay tendered him by the Navy Department.
The only issue which we reach is whether section 411 is applicable at all to persons whose retirement was occasioned by disabilities which were not service-incurred. We hold that it is not. This plaintiff was thus required to make no election. He was entitled, just as any longevity retiree would have been, to the automatic recomputation which he seeks.
The case of Aflague, et al. (Greaves, Plaintiff No. 14) v. United States, 158 Ct. Cl. 151 (1962), holds that servicemen such as this plaintiff whose retirement was occasioned by disabilities not service-incurred have no right to elect to receive disability retirement pay, i.e., to choose (A) as between (A) and (B) of section 411. What sense, then, does it make to say that they are subject to the section 411 election ? Plow can they be required to choose when they have no choice? If the response to that be that they still do have a choice between the two methods of regular retirement pay contained in section 511, the same may equally be said of any longevity *236 retiree. Yet the longevity retiree is not required to elect before a certain date lest lie be forever limited to the method under which he was receiving pay before the Act, even should the other method subsequently become more to his advantage. The result of defendant’s reasoning would be to place the man retired upon discovery of a physical disability which was not service-connected in a worse situation than the man retired for longevity after a comparable period of service. We are satisfied that such was not the intent of section 411, which was designed rather to advantage those disability retirees whom it did cover.
Judgment is entered on plaintiff’s motion, and defendant’s cross-motion is overruled. The amount of recovery will be determined pursuant to Rule 47(c) (2).
In accordance with the judgment of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on October 16, 1964, that judgment for plaintiff Clifford Maurice Shattuck (8) be entered for $1,817.26 for the period April 1, 1955, through September 30, 1963, without prejudice to any claim of such plaintiff for retired pay accruing after September 30,1963.